DAVID McKEE *vs.* PATRICK MANICE.

The parties to a wager upon the result of an election, deposited the amount bet with a stake-holder. After the election was determined against the plaintiff, he demanded repayment of his money of the stake holder, and forbid the winner to take it; but the stake-holder, notwithstanding, paid to the winner the identical money of the plaintiff which had been deposited with him. *Held*, that the plaintiff could recover the same of the winner in an action for money had and received.

THIS was an action for money had and received by the defendant to the plaintiff's use, November 30th, 1852. At the trial in the court of common pleas, before *Wells*, C. J. it appeared that on the day above mentioned, the parties made a bet upon the result of a certain election of a representative, which had taken place that day, but the result of which was not then known ; that each party placed the amount of his bet in the hands of a stake-holder; that the identical bank bills deposited by the plaintiff with the stake-holder, were paid by him to the defendant, the winner of the wager, upon his promise to indemnify the stake-holder against any liability therefor, and after the plaintiff had forbidden the stake-holder to pay it over to the defendant, and the defendant to receive it. Upon these facts, the presiding judge ruled that the defendant was liable to refund the money, and the verdict was for the plaintiff. The defendant excepted to the ruling.

*B. F. Butler,* for the defendant.

McKee v. Manice.

*B. Poole*, for the plaintiff.

DEWEY, J.    That a wager, upon the event of an election to a public office, is an illegal contract, is not denied.    Nor does it vary the case that the wager took place after the voting was closed; the ballots not being counted, and the result declared. *Ball* v. *Gilbert*, 12 Met. 397, and cases there cited.    As to the remedy of a party who has paid money on such illegal contract, the law seems to have been held, by the better authorities, that if after the event is determined, the loser pays the money to the winner, or permits, by his assent or silence, the stake-holder, in whose hands the same may have been placed, to pay it over to the winner, the loser cannot recover back the same. In such case, the principle is applied that the law will refuse its aid to restore the money to the loser, both parties being *in pari delicto*.    But this rule is strictly limited to the case above stated, of a voluntary payment by the loser to the winner. While the money is in the hands of the stake-holder, the rule is not so, and as well after the event is determined as before, the loser may demand and recover back the money of the stake-holder, if he has not paid it over to the winner, or if he has done so after his authority had been revoked, and he had been directed by the loser not to pay it over.    In a suit by the loser against the stake-holder in such case, the objection of *particeps criminis* does not avail against the plaintiff.    It has sometimes been said by way of obviating the apparent objection to a recovery in such cases, that the stake-holder is not a *particeps criminis*, and, therefore, the suit is not between two guilty parties.    That is true; but the loser who seeks the aid of the law to recover back the money placed in his hands, is a party to the illegal contract.    The objection to a recovery arising from the fact that the money was paid under an illegal contract, to which he was a party, does not apply, except where the money has been voluntarily paid over to the winner, and the contract becomes executed.    The right of the loser to recover back the money of the stake-holder before payment by him to the winner, or after, if the authority to pay him was revoked before payment, is unquestionable.    There could be no doubt of the right of the present plaintiff to maintain an action against the

McKee v. Manice.

stake-holder for this money, he having paid it over after his authority was revoked, and he was forbidden to pay the same to the winner. But it is contended that this right to maintain an action for money thus deposited on a wager, is confined exclusively to an action against a stake-holder, and this is the precise question which the present case raises. Under the authority of the adjudicated cases, holding that the loser cannot maintain an action against the winner for money vol·untarily paid over to him by the loser or by the stake-holder, with his assent, it is now insisted that in no case can the loser sue the winner for money which he has received from a stake-holder, and claiming to hold it as the fruits of a wager. But the principle of voluntary payment by the loser to the winner, has no application to the present case. The winner has not received this money of the loser, or of the stake-holder with the implied assent of the loser, and while he had authority to pay over the money, but, on the contrary, has received it in his own wrong, and with full knowledge that the plaintiff had repudiated the contract, and had demanded of the stake-holder the return of his money while it was in his hands, and had directly forbid his paying it over to the winner. With this knowledge of all these facts, the defendant received the money, first giving the stake-holder his bond of indemnity against the claims of the plaintiff for paying over the money to him.

Here, therefore, was no voluntary payment, but a taking by the defendant as unauthorized in law, as if he had received it from any bailee of the plaintiff who had been entrusted with money of the plaintiff. This will be made manifest by considering for a moment the relation of all these parties to this money at the time it was paid over to the defendant. To show what that relation was, I refer to the opinion delivered by the chief justice in *Ball* v. *Gilbert*, 12 Met. 403, in which he says: " The stake-holder is a mere depositary of both parties, for the money deposited by them respectively, with a naked authority to deliver it over on the proposed contingency. If the authority is actually revoked before the money is paid over, it remains a naked deposit to the use of the depositor."

This, I take to be the exact relation of these parties. The case finds the authority of the stake-holder was actually revoked, and notice of such revocation given to the defendant, while the money was in the hands of the stake-holder. The illegal contract was, therefore, never executed. Upon the disaffirmance of the contract and notice to the stake-holder not to pay over the money, the money deposited with the stake-holder, by the plaintiff, became a mere naked deposit to the use of the depositor. There was no longer any contract between plaintiff and defendant as to this money, or any authority remaining in the stake-holder to pay it over to the defendant, and the latter knowing all the facts, his taking it was as unauthorized an act as if any stranger had taken the same amount of the plaintiff's money from the hands of his bailee. As we have already stated, the right of the winner to retain money he has received on a wager arises only where there has been a voluntary payment by the loser. The cases in the books are stated under that qualification. Thus, in 2 Comyn on Contracts, 125, it is said : " Where money, deposited upon an illegal wager, has been paid over, to the winner by consent of the loser, the latter cannot afterwards maintain an action against the former to recover back the same." In *Howson* v. *Hancock*, 8 T. R. 575, an action by the loser against the winner, where judgment was rendered against the plaintiff, it was found directly by the jury that the money had been paid over to the winner with the assent of the plaintiff. Here the case finds directly the contrary, and that the money was not paid to the defendant with the consent of the plaintiff, but received by the defendant with full knowledge that the stake-holder had previously been requested to return the same to the plaintiff, and forbidden to pay it over to the defendant.

In maintaining the present action, we in no respect contravene the decision in the case of *Howson* v. *Hancock, supra,* and cases of the like import. We admit that as between the parties to an illegal wager, if one voluntarily pays money to the winner, after the event is made certain which is the subject of the wager, he cannot recover it back of the winner. But the cases are confined to such payment by the loser directly,

McKee *v.* Manice.

or by the stake-holder, with his consent express or implied. In the case of such payment by the stake-holder, it would bind the party, unless he had revoked the authority and forbidden the payment. But after such authority is revoked, and the contract disaffirmed by forbidding the payment of the deposit to the winner, the money remains in the hands of the stake-holder as a naked deposit to the use of the bailor, and the winner who takes it, knowing these facts, takes it *mala fide*, and is liable therefor to the depositor. Such is the opinion of a majority of the court upon this point.

The further inquiry is, whether assumpsit for money had and received will, under such circumstances, lie against the defendant. It has already been shown that he has taken the money wrongfully and from the hands of one whom he knew had no authority to part with it. It was the money of the plaintiff, and as appears in the case, it was the identical money that the plaintiff had deposited with the stake-holder, the specific bank bills deposited being paid over to the defendant. It is sufficient to maintain this form of action, that it is shown that the defendant has received the plaintiff's money which he ought not to retain, and in such case the law raises the implied assumpsit to pay it over to the plaintiff. The case of *Clark* v. *Shee*, Cowp. 197, illustrates this, where an action for money had and received was sustained against a third person to recover money of the plaintiff placed in the hands of his clerk, and by him paid to the defendant on a gaming contract. It is also found in the case of *Mason* v. *Waite*, 17 Mass. 560, where the money of the plaintiff was entrusted to a carrier to take to Boston to pay to a third person, but the carrier went to a gaming-house and lost the same in gaming, and the plaintiff was allowed to recover the money in this form of action against the winner. In that case, the defendant had unlawfully acquired the possession of the plaintiff's money, and he, therefore, held the same to the use of the plaintiff. So in the case at bar, the defendant has wrongfully come into possession of the money of the plaintiff, and held the same to his use. This action is, therefore, well maintained.

*Exceptions overruled.*